# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL SEPULVEDA, | CASE NO. 1:10-cv-02092-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| KELLY HARRINGTON, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

**I.   Procedural History**

Gail Sepulveda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On November 10, 2010, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. Plaintiff's Complaint

Plaintiff is currently a state prisoner at Kern Valley State Prison (KVSP) in Delano, California. The events central to Plaintiff's complaint occurred while he was at prisoner at KVSP. Doc. 1. In the complaint, Plaintiff names the following individuals as defendants in this action: 1) Kelly Harrington (Warden at KVSP); 2) S. Lopez (M.D. at KVSP); 3) Hung (M.D. at KVSP); and 4) A. Arambula (R.N. at KVSP). Doc. 1 at 6-7. Plaintiff seeks compensatory and punitive relief. Doc. 1 at 9.

Plaintiff alleges that in August of 2008, Plaintiff was diagnosed as disabled by the medical staff at North Kern State Prison. Doc. 1 at 1. Plaintiff suffered from a serious back injury which confined him to a wheelchair and necessitated medication to manage his severe constant pain. Doc. 1 at 1-2. According to Plaintiff, at the end of 2008 he was transferred to KVSP and was denied pain medicine. Doc. 1 at 2. It was very difficult for Plaintiff to move around because of the extreme pain due to the denial of the pain medication. Doc. 1 at 2. Plaintiff filed numerous appeals and medical requests and had been seen by registered nurses and doctors. Doc. 1 at 2. Plaintiff states that most of his medical visits end in verbal altercations because Plaintiff would not receive the medication that the doctors prescribed. Doc. 1 at 2. Although the responses to his medical grievances stated that

Plaintiff received the medication, Plaintiff contends that he never received the medication, except for the changed medication that had no effect on the pain. Doc. 1 at 2.

Plaintiff alleges that Defendant Arumbula refused to give Plaintiff the prescribed medication. Doc. 1 at 2. After Plaintiff filed the CDC form 7362 request for medical care form, Defendant said to Plaintiff: "you were asked to present any documents to support your claims(s), and you failed to do so." Doc. 1 at 2. Plaintiff states that "this action" branded Plaintiff as a "pain in the ass' and made it difficult for Plaintiff to get any assistance from any medical staff. Doc. 1 at 2. On numerous occasions Defendant Arambula refused to give Plaintiff his prescribed medicine and Plaintiff has protested to the point of verbal confrontations with Defendant Arambula. Doc. 1 at 3.

According to Plaintiff, Defendant Lopez in the capacity as Chief Medical Officer, denied all of Plaintiff's requests concerning his pain medication. Doc. 1 at 3. Plaintiff argues that Defendant Lopez should have exercised his authority to order examinations to determine Plaintiff's need for medication and follow the instructions of the specialist that prescribed the medicine for Plaintiff's special need. Doc. 1 at 3. Plaintiff also argues that Defendant Lopez has violated the Americans with Disabilities Act by not "complying with the needs of a disable[d] person." Doc. 1 at 3. Plaintiff states that due to time constraints he will list the remaining defendants in his amended complaint. Doc. 1 at 3.

**IV.   Plaintiff's Claims**

   **A.   Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1. Analysis

Plaintiff vaguely alleges that Defendants Arumbula and Lopez are refusing to give Plaintiff his prescribed pain medications. Doc. 1.  Plaintiff concedes that he received medication, however, what he received was different from the medication prescribed and he states that the medication he received did not work.  Doc. 1 at 2.  Plaintiff's vague and conclusory assertions are insufficient to

state a claim. At most, Plaintiff's contentions reflect a difference in opinion regarding treatment and such does not demonstrate deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344; *Sanchez v. Vild*, 891 F.2d 240, 242. Plaintiff fails to allege any facts that demonstrate that the course of treatment the treating medical staff chose was medically unacceptable under the circumstance and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health.

### B. Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Further, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. *Shaughnessy v. Hawaii*, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); *Anaya v. Campbell*, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. *Shaughnessy*, 2010 WL 2573355, at *8; *Anaya*, 2009 WL 3763798, at *5-6; *Roundtree*, 2005 WL 3284405, at *5.

As Plaintiff does not allege facts that would amount to discrimination because of his

disability, Plaintiff fails to state a claim under the ADA. *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

### C.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Although Plaintiff lists Kelly Harrington and Dr. Hung as defendants, Plaintiff has failed to explain how they were responsible for the alleged violation. Doc. 1 at 6-7. If Plaintiff chooses to amend, Plaintiff must link any action or omission to each named defendant.

### V.    Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

*Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 10, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 6, 2012

UNITED STATES MAGISTRATE JUDGE